## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BENJAMIN D. VELAYO,**

    **Plaintiff,**

    **v.**                                              **Case No. 17-CV-2713-CM-GLR**

**JOHN TALAMAYAN, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

The Court has granted Plaintiff leave to proceed in forma pauperis.[1] As a result, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned magistrate judge recommends dismissal of this action for failure to state a claim upon which relief may be granted.

---

[1] ECF 5.

### A. Background

Pro se plaintiff Benjamin Velayo filed this action on December 15, 2017. In his complaint, Plaintiff indicates that his case arises because of violations of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States, pursuant to 28 U.S.C. §1343.[2] On his Civil Cover Sheet,[3] Plaintiff states he is "suing the V.A. Police officers for violating [his] privacy rights."[4] Plaintiff is claiming ten million dollars in damages.[5]

Plaintiff included a short statement of claim in his complaint. Its only allegations of consequence are that the defendants violated his privacy rights at his apartment and are "covering up" these violations.[6] Plaintiff does not provide any further statement regarding his allegations.

### B. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2), a court, after granting leave to proceed in forma pauperis, must screen a complaint to determine whether the case should be dismissed because the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted, or (iii) seeks monetary relief from a defendant who is immune from suit. The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[7]

---

[2] ECF 1 at 3.
[3] ECF 2.
[4] *Id.*
[5] ECF 1 at 3.
[6] *Id.*
[7] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[8]  A complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level"[9] and must contain "enough facts to state a claim to relief that is plausible on its face."[10]  Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[11]  In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[12]

In making its analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[13]  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with pleading requirements."[14]  This does not mean, however, that the court must become an advocate for the pro se plaintiff.[15]  *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[16]

---

[8] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[10] *Id.* at 570.
[11] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotations omitted).
[12] *Id.*
[13] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).
[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[15] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).
[16] *Hall*, 935 F.2d at 1108.

Even with a liberal construction of his Complaint, Plaintiff fails to state a claim that is facially plausible. It is unclear what claim he is asserting, and Plaintiff has not stated facts sufficient to show that the Court would have any jurisdiction over whatever claim he may be trying to assert. Plaintiff simply states the defendants violated his privacy rights at his apartment. But his complaint provides no factual basis for his allegations. The complaint does not state the circumstances under which the alleged violation of his privacy rights occurred, what specific rights were violated, or how such violation occurred.

Although Plaintiff states John Talamayan violated his privacy rights, he does not make any specific allegations against Mr. Talamayan or state how he violated Plaintiff's privacy rights.[17] He says Victor Grabbe "is covering up his other officers," but the only statement in support of this allegation is that "on November 29, 2016, he said I don't know what's going on."[18] Plaintiff does not provide any context for Mr. Grabbe's statement, including to what Mr. Grabbe was referring or even to whom he was speaking.

If a complaint "is sufficiently devoid of facts necessary to establish liability," the court must conclude that a plaintiff has failed to push his claims "across the line from conceivable to plausible."[19] That is the case here. Plaintiff's allegations appear to be nothing more than bare conclusions. They fail to state a plausible claim against any defendant.

## RECOMMENDATION

The Court may grant relief only for actual cases and controversies.[20] Plaintiff's Complaint does not state a plausible case or controversy. Therefore, the undersigned magistrate

---

[17] ECF 1 at 3.
[18] *Id.*
[19] *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[20] U.S. CONST. art. III, § 2, cl. 1.

judge recommends that the Court summarily dismiss this action for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated April 10, 2018, in Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge