IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN D. VELAYO, )
)
               **Plaintiff,** )
)
v. )
)   Case No. 17-2713
JOHN TALAMAYAN, et al., )
               **Defendant.** )
)

**MEMORANDUM AND ORDER**

Plaintiff Benjamin D. Velayo brings this action pro se, claiming that defendants John Talamayan and Victor Grabbe, V.A. police officers, violated his right to privacy. The court granted plaintiff leave to proceed in forma pauperis, and Magistrate Judge Gerald L. Rushfelt screened the case pursuant to 28 U.S.C. § 1915(e)(2). Judge Rushfelt then issued a Report and Recommendation (Doc. 6), recommending that this court dismiss plaintiff's action for failure to state a claim upon which relief may be granted. Judge Rushfelt thoroughly examined plaintiff's allegations and found that plaintiff's complaint fails to state a plausible claim against any defendant. Plaintiff timely objected to the Report and Recommendation.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss sua sponte an in forma pauperis action as failing to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is warranted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile. *Whitney*, 113 F.3d at 1173 (citations and quotations omitted). The court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell*

-1-

*Atl.Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  The court will dismiss the complaint if the complaint does not "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Id.*  Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal.  *Twombly*, 550 U.S. at 570.

       The court is mindful of the fact that plaintiff is proceeding pro se.  Because of plaintiff's pro se status, the court affords him some leniency in construing his complaint.  *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted).  The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).  Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney*, 113 F.3d at 1173–74 (citation omitted).

       Plaintiff's complaint lacks any factual basis for relief.  For his Statement of Claim, plaintiff merely states that "This V.A. Police officer John Talamayan violated my privacy rights on January 13, 201[] at my apartment where I reside presently.  V.A. Police major Victor Grabbe is covering up his other officers on November 29, 2016, he said I don't know what's going on."  (Doc. 1 at 3.)  This is the extent of the facts contained in plaintiff's complaint.  In his objection, plaintiff offers a little more explanation of his claim, but still fails to "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal.  *Twombly*, 550 U.S. at 570.  Plaintiff appears to claim that defendant Talamayan harassed him and intimidated him, but he does not identify actions that would violate federal law. Rather, plaintiff claims that defendant Talamayan came to his apartment, lined up next to plaintiff when he was getting food in the canteen café, and "circled" plaintiff while he was getting his

exercise.  Plaintiff claims that all of these actions constitute intimidation and harassment.  As for defendant Grabbe, plaintiff only clarifies in his objection that one of defendant Grabbe's officers scared him when he was checking the mailbox.

Even if the court were to consider the allegations in plaintiff's objection to the Report and Recommendation, they fail to state a claim for relief.  Plaintiff does not connect his allegations with a federal statute or law other than the general claim of "invasion of privacy."  He does not specify the circumstances under which his privacy rights were violated or how any such violation occurred.  Based on the additional statements in plaintiff's objection, the court further concludes that allowing plaintiff leave to amend would be futile.  Plaintiff has not stated a plausible claim for relief, and the court therefore dismisses his case under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Judge Rushfelt (Doc. 6) is adopted in full.  The case is dismissed and the Clerk of the Court is directed to enter judgment in favor of defendants.

Dated this 10th day of May, 2018, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**